Filed 10/16/17

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| VAN BUTENSCHOEN, | ) | No. BV 031862 |
| | ) | |
| Plaintiff and Respondent, | ) | Pomona Trial Court |
| | ) | |
| v. | ) | No. 16UR0567 |
| | ) | |
| CYNTHIA FLAKER et al., | ) | |
| | ) | |
| Defendants and Appellants. | ) | **OPINION** |
| | ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dan Thomas Oki, Judge. Reversed.

Cynthia Flaker and Chris Flaker, in Propria Persona, for Defendants and Appellants.

Brennan Law Firm and Michael Brennan for Plaintiff and Respondent Van Butenschoen.

\*          \*          \*

1

## INTRODUCTION

In response to an unlawful detainer complaint, a defendant may, as was done in this case, file a motion to quash service of the summons. (Code Civ. Proc., §§ 418.10, 1167.4.) If, in denying the motion to quash, the trial court also orders the defendant to "only" file an answer to the complaint, the trial court effectively deprives that defendant of his or her right to file a demurrer (Code Civ. Proc., § 422.10). Such was the case here. After defendants Cynthia Flaker and Chris Flaker were sued in unlawful detainer, they filed a motion to quash. The court denied the motion and, in so doing, it specified that defendants were permitted to "answer" within five days. Defendants responded to the order by timely filing a demurrer. Presumably because no answer was filed, default judgment was entered against them, and they now appeal. We reverse the judgment because, in denying a motion to quash an unlawful detainer summons, the trial court may not restrict a defendant's responsive pleading to an answer.

## BACKGROUND

Plaintiff and respondent Van Butenschoen filed his action on March 1, 2016, alleging defendants failed to comply with a three-day notice to pay rent or quit. Plaintiff requested possession of the residential property, forfeiture of the rental agreement, court costs, and damages.

On March 8, 2016, defendants filed a motion to quash based on improper service of the summons and complaint. Plaintiff filed an opposition, arguing defendant Chris Flaker was personally served with the documents and defendant Cynthia Flaker was served through substituted service.

On March 14, 2016, the trial court denied the motion to quash. The court's order stated, "Motion is denied. [¶] Defendant has 5 days to answer." A clerk's certificate of mailing indicated that on March 14, 2016, a copy of the minute order was mailed to defendants. On March 18, 2016, plaintiff served defendants with a notice of the ruling which stated, "1. Defendant's motion is denied; [¶] 2. Defendant has five (5) days to file and serve an answer only."

2

On March 24, 2016, defendants filed a petition for a writ of mandate challenging the trial court's order. This court denied the petition and on April 1, 2016, mailed defendants a copy of the minute order denying the petition.

On April 18, 2016, defendants filed a demurrer to the complaint. Nonetheless, on April 18, 2016, the clerk entered a default judgment against defendants. Defendants subsequently filed a notice of appeal from the judgment.

DISCUSSION

Because the determination of the issues rests upon the construction of statutes, the issues are questions of law which we review de novo. (*Ceja v. Rudolph & Sletten, Inc.* (2013) 56 Cal.4th 1113, 1119.) An "appeal from [a] default judgment presents for review only the questions of jurisdiction and the sufficiency of the pleadings. [Citations.]" (*Corona v. Lundigan* (1984) 158 Cal.App.3d 764, 766-767.) A prematurely entered default judgment is null and void. (*Whealton v. Whealton* (1967) 67 Cal.2d 656, 659; *Baird v. Smith* (1932) 216 Cal. 408, 410.)

*Statutory Scheme*

The summons in an unlawful detainer complaint calls for a response in five days (Code Civ. Proc., § 1167), as opposed to the usual 30 days provided for in other civil cases (Code Civ. Proc., § 412.20). Code of Civil Procedure section 1167 provides, in relevant part, "The summons shall be in the form specified in [Code of Civil Procedure s]ection 412.20 except that when the defendant is served, the defendant's response shall be filed within five days, including Saturdays and Sundays but excluding all other judicial holidays, after the complaint is served upon him or her." Code of Civil Procedure section 412.20, subdivision (a)(3), similarly calls for the filing of "a written pleading in response to the complaint."

A permissible "response" to a complaint is not limited to an answer. Code of Civil Procedure section 422.10 unambiguously defines what pleadings are allowed in civil actions; they include answers *and demurrers*. (Code Civ. Proc., § 422.10 ["The pleadings allowed in civil actions are complaints, demurrers, answers, and cross-complaints"].) Code of Civil Procedure section 1170 allows a defendant appearing in an unlawful detainer action to either

3

"answer or demur." The Court of Appeal in *Borsuk v. Appellate Division of Superior Court* (2015) 242 Cal.App.4th 607, 617, footnote 7, made this point clear, indicating "[a] tenant may attack the legal sufficiency of an unlawful detainer complaint by demurrer or motion to strike, 'depending on the defect attacked.' [Citation.]"

Once a defendant files a motion to quash, a default judgment cannot be entered until after expiration of the defendant's time to demur or answer a complaint. (Code Civ. Proc., §§ 418.10, subd. (d), 585.) Code of Civil Procedure section 586, subdivision (a)(2), provides, "[J]udgment shall be rendered . . . , as if the defendant had failed to answer: [¶] . . . [¶] . . . if the demurrer is overruled . . . , and the defendant fails to answer the complaint within the time allowed by the court."

Pursuant to Code of Civil Procedure section 1167.4, subdivision (b), the filing of a motion to quash extends the time to plead until five days after service of the written notice of entry of the order denying the motion, and Code of Civil Procedure section 418.10, subdivision (c), extends the time even further if a petition for writ of mandate based on the denial of the motion to quash is denied by the appellate court.

Because the language used in the statutes is clear and unambiguous, we apply the provisions as expressed without engaging in further construction. (See *Nguyen v. Western Digital Corp.* (2014) 229 Cal.App.4th 1522, 1544 [""""If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs'"""].)

Under the statutory scheme, following the denial of a motion to quash, a court cannot order a defendant to file only an answer. Such an order is improper because the statutes do not limit the defendant's responsive pleading to an answer, and a demurrer is an acceptable responsive pleading. (Code Civ. Proc., §§ 422.10, 1170.) Further, following the denial of the motion to quash, a trial court has no authority to enter a default judgment until the time to file an answer *or* demurrer has expired. (Code Civ. Proc., § 586, subd. (a)(4).)

4

*Application of the Law to the Present Case*

Defendants filed a timely motion to quash service of the summons and complaint on March 8, 2016, and the court denied the motion on March 14, 2016. In denying the motion, the trial court ordered, "Defendant has 5 days to answer." The court did not state defendants had "5 days to *respond*," or "5 days to *plead*." Under these circumstances, and taking into account plaintiff mailed a notice of ruling stating, "Defendant has five (5) days to file and serve an answer only," we construe the court's order as having permitted only the filing of an answer.

As discussed above, restricting defendants' responsive pleading to only an answer was improper. Defendants had the right to file a demurrer prior to filing an answer.

Defendants filed a petition for a writ of mandate challenging the order denying the motion to quash, and thus their time to plead was extended 10 days from the service of written notice of the final judgment in the mandate proceeding. (See Code Civ. Proc., § 418.10, subd. (c).) On April 1, 2016, defendants were served by mail with notice of the denial of their writ petition, and Code of Civil Procedure section 1013 (the statute which extends the time to respond where notice is served by mail) allowed another five calendar days for the filing of a responsive pleading. Hence, the time period to plead was extended to April 16, 2016. But, since April 16, 2016, was a Saturday, the deadline to respond was Monday, April 18, 2016. (Code Civ. Proc., § 12a.)

Defendants, therefore, had until the end of April 18, 2016, to respond to the complaint, meaning the earliest that judgment could lawfully have been entered was April 19, 2016. Defendants filed their demurrer on April 18, 2016, and yet default judgment was entered on

that same date.  As the default judgment was entered prematurely, the judgment was void and must be reversed.

## DISPOSITION

The judgment is reversed.  Defendants to recover costs on appeal.


_____
Ricciardulli, J.

We concur:


_____          _____
Kumar, Acting P. J.                                Richardson, J.