Filed 6/8/21  Briggs v. Select Portfolio Servicing CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| CHAYO BRIGGS, | |
| Plaintiff and Appellant, | E074699 |
| v. | (Super.Ct.No. CIVDS1921322) |
| SELECT PORTFOLIO SERVICING, INC., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Keith D. Davis, Judge.  Affirmed.

Chayo Briggs, in pro. per., for Plaintiff and Appellant.

Kutak Rock and Steven M. Dailey for Defendant and Respondent.

Plaintiff Chayo Briggs (Briggs) sued defendant Select Portfolio Servicing, Inc. (Select), alleging it committed fraud and other torts while reviewing Briggs' request for mortgage assistance and when it foreclosed on his mortgage and recorded a notice of trustee's sale.  The trial court sustained Select's demurrer to Briggs' complaint, but

1

granted Briggs 30 days leave to file an amended complaint. When Briggs failed to file an amended complaint within 30 calendar days of the order, the court granted Select's request for a judgment of dismissal of the lawsuit with prejudice. On appeal, Briggs, who represents himself, argues the trial court denied him due process of law by not granting him additional time to file an opposition to the demurrer after his attorney abandoned him and by dismissing the lawsuit without allowing him additional time to conduct research and prepare an amended complaint.

It is patently clear on the face of the record that the trial court prematurely dismissed the lawsuit before the time had run for Briggs to file an amended complaint. Relevant here, section 472b of the Code of Civil Procedure[1] expressly and unequivocally provides that the time to file an amended complaint runs from the *service of notice* of an order sustaining a demurrer with leave to amend, and not from the actual *order*. In reliance on the trial court's order, which purported to state Briggs needed to file an amended complaint by a set date, Select fell into a trap for the unwary and did not serve Briggs with notice until much later and, as a matter of law, granted Briggs an additional 30 plus days in which to file an amended complaint. Because the trial court granted Select's request to dismiss the lawsuit before the time to amend had lapsed, we must conclude it erred.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

However, the error is not reversible per se. And, because Briggs has not argued he could have amended his complaint to state a viable cause of action, we conclude the error was harmless. Therefore, the judgment is affirmed.

I.

PROCEDURAL BACKGROUND[2]

Briggs filed his complaint in this lawsuit on July 24, 2019. He was represented by counsel at that time. Select filed and served its demurrer on August 23. On October 28, Briggs filed and served a substitution of attorney and informed the trial court and Select that, from then on, he would represent himself. Briggs appeared for the November 6 hearing on the demurrer. The minute order indicates, "No opposition presented." The trial court stated its tentative ruling on the demurrer, "encourage[ed] [Briggs] to seek legal counsel," and provided him "with the paperwork containing the contact information for various legal aid groups." After hearing arguments, the court sustained the demurrer, granted Briggs "30 days leave to amend," and ordered counsel for Select to give notice. The minute order states: "The First Amended Complaint is due to be served and filed no later than 12/6/19." On December 10, 2019—four days *after* the last date Briggs was

---

**2** Briggs does not argue his complaint pleaded sufficient facts to survive Select's demurrer, and he only challenges the court's alleged failure to grant him additional time to file an opposition to the demurrer. Therefore, we need not set forth the facts alleged in his complaint. Moreover, because the superior court dismissed the action when Briggs failed to amend his complaint after the court sustained Select's demurrer with leave to amend, we must assume the complaint contained the strongest statement of Briggs' causes of action. (*Lyles v. Sangadeo-Patel* (2014) 225 Cal.App.4th 759, 764.) Nor does Briggs contend he would have been able to file an amended complaint and plead a viable cause of action that would have survived another demurrer.

3

supposedly to file his amended complaint—Select served Briggs with notice of the ruling by overnight delivery. The notice stated Briggs had until December 6, 2019, to file an amended complaint.

On January 7, 2020, Select filed an ex parte application requesting the trial court dismiss the action pursuant to section 581, subdivision (f)(2), because Briggs had not filed an amended complaint on or before December 6, 2019. Briggs did not file an opposition or appear at the hearing conducted the next day. The trial court granted the application and dismissed the action. A formal judgment of dismissal was entered January 22, 2020.

II.

DISCUSSION

"To prevail on appeal, an appellant must establish both error and prejudice from that error." (*WFG National Title Ins. Co. v. Wells Fargo Bank*, *N.A.* (2020) 51 Cal.App.5th 881, 894.) It is the burden of the party challenging a judgment on appeal, including a self-represented one, to provide an adequate record to assess error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) The appellate record here does not include a reporter's transcript. We must, therefore, treat this as an appeal ""on the judgment roll."" (*Kucker v. Kucker* (2011) 192 Cal.App.4th 90, 93.) Accordingly, our review is limited to determining whether any error ""appears on the face of the record."" (*Ibid*.)

4

A.    *The Trial Court Clearly Erred By Prematurely Dismissing Briggs'*
*Complaint.*

The trial court dismissed Briggs' lawsuit pursuant to Code of Civil Procedure section 581, subdivision (f)(2), which provides the court may dismiss the complaint if, "after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal."  A request for dismissal of "the entire action and for entry of judgment" under section 581, subdivision (f)(2), may be made ex parte.  (Cal. Rules of Court, rule 3.1320(h).)  Such a judgment of dismissal must be made with prejudice.  (*Cano v. Glover* (2006) 143 Cal.App.4th 326, 329-330; *Kruss v. Booth* (2010) 185 Cal.App.4th 699, 713, fn. 14.)

Usually, we apply the deferential abuse of discretion standard of review to a dismissal under section 581, subdivision (f)(2).  (*Nuño v. California State University, Bakersfield* (2020) 47 Cal.App.5th 799, 801-802; *Gitmed v. General Motors Corp.* (1994) 26 Cal.App.4th 824, 827.)  But the basic question posed by this appeal is not whether the dismissal was an appropriate exercise of *discretion*, but whether the court had the power to dismiss the lawsuit when it did.  The scope of the trial court's authority under section 581, subdivision (f)(2), is a matter of statutory construction we review de novo. (*City of Desert Hot Springs v. Valenti* (2019) 43 Cal.App.5th 788, 793.)

As already noted, the trial court may dismiss a lawsuit pursuant to section 581, subdivision (f)(2), only if the plaintiff fails to amend "within the time allowed by the court."  When the trial court sustains a demurrer, "the court may grant leave to amend the pleading upon any terms as may be just and shall fix the time within which the

5

amendment or amended pleading shall be filed." (§ 472a, subd. (c).)  The court has broad discretion to determine the time within which the plaintiff must file an amended complaint.[3]  (*Vestal v. Young* (1905) 147 Cal. 715, 721.)  But, that time "runs from the service of notice of the decision or order, unless the notice is waived in open court, and the waiver entered in the minutes." (§ 472b.)  In other words, absent a proper waiver of notice, "the time to amend a complaint following a demurrer runs from notice of the ruling, not the ruling itself . . . ."  (*People v. $20,000 U.S. Currency* (1991) 235 Cal.App.3d 682, 691; accord, *Parris v. Cave* (1985) 174 Cal.App.3d 292, 294 ["[S]ection 472b requires service of notice of the order sustaining or overruling a demurrer in order to start the time running on the right to amend."].)  And if, as here, the notice is made by express overnight delivery, the time to file an amended complaint is extended by two additional court days.  (§ 1013, subd. (c); see *People v. $20,000 U.S. Currency*, at p. 689 ["Because the time to amend . . . runs specifically from the *service of the notice* [citations], section 1013 ordinarily would apply."].)

In its supplemental brief and during oral argument before this court, Select argued there is a crucial distinction between ordering a plaintiff to file an amended complaint on or before a "fixed date" or "date certain," on the one hand, and giving the plaintiff a "numerical number of days" within which to amend, on the other.  Because the trial court "fixed" the time within which Briggs had to amend his complaint to no later than

---

[3]  "[U]nless otherwise ordered, leave to . . . amend within 10 days is deemed granted, except for actions in forcible entry, forcible detainer, or unlawful detainer in which case 5 calendar days is deemed granted."  (Cal. Rules of Court, rule 3.1320(g).)

6

December 6, 2009, or exactly 30 days, Select argues service of the notice of ruling did not extend the time for him to amend and, consequently, the dismissal was not premature. But this argument ignores the plain language of section 472b, which, we repeat, states the time to amend "runs from the *service of notice* of the decision or order" unless notice is waived. (Italics added.) "'"[W]here . . . the language [of a statute] is clear, there can be no room for interpretation."'" (*Walker v. Superior Court* (1988) 47 Cal.3d 112, 121; accord, *City of Desert Hot Springs v. Valenti*, *supra*, 43 Cal.App.5th at p. 793 ["'"If there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs."'"].)

True, had the parties waived notice in open court and the waiver had been placed on the record, Briggs would have had exactly 30 days from the date of the order, or until December 6, 2019, to file an amended complaint. But, the trial court expressly directed Select to give notice. Therefore, notwithstanding language in the trial court's order to the contrary, the 30 days for Briggs to file an amended complaint did not begin to run until Select served Briggs with notice. (§ 472b.)

The leading treatise on the subject advises parties against falling into the trap for the unwary in which Select fell. "Even if the judge makes the ruling [on the demurrer] in open court before both counsel, the time within which to . . . amend does not begin to run until the prevailing party sends out a formal Notice of Ruling (unless waived). *Thus*, *if the prevailing party forgets or delays sending out the requisite notice*, *it operates as an automatic extension of time to the other side*." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2020) ¶ 7:135, p. 7(I)-62, italics added.)

7

Thirty days from December 10, 2019—the date Select served Briggs with notice of the order sustaining the demurrer—fell on Thursday, January 9, 2020. And, because Select served the notice by express mail, Briggs had two additional court days, or until Monday, January 13, 2020, to file his amended complaint. (§ 1013.) Consequently, because "the time allowed by the court" for Briggs to file an amended complaint had not yet expired on January 8 (§ 581, subd. (f)(2)), the trial court clearly erred by dismissing the lawsuit on that date.

B.      *Briggs Has Not Shown He Was Prejudiced.*

In the context of default judgments, the courts have long held that a prematurely entered default and default judgment are null and void. (*Whealton v. Whealton* (1967) 67 Cal.2d 656, 659 [default and default judgment were entered before time for the defendant to answer had lapsed and were "therefore void"]; *Schwab v. Southern California Gas Co.* (2004) 114 Cal.App.4th 1308, 1320 ["A prematurely entered default is invalid, and any judgment entered after an invalid default is also invalid."], disapproved on another ground by *Sass v. Cohen* (2020) 10 Cal.5th 861, 887, fn. 12; *Butenschoen v. Flaker* (2017) 16 Cal.App.5th Supp. 10, 13 ["A prematurely entered default judgment is null and void."].) Courts have also held that where, as here, the plaintiff does not respond to a motion to dismiss under section 581, subdivision (f)(2), the subsequent dismissal is functionally equivalent to a default judgment. (See *Pagnini v. Union Bank*, *N.A.* (2018) 28 Cal.App.5th 298, 305-306; see also *Gitmed v. General Motors Corp.*, *supra*, 26 Cal.App.4th at p. 827-828 [holding dismissal of untimely filed amended complaint should be treated like a default entered on an untimely filed answer;

8

"[t]his result brings section 581, subdivision (f)(2) into harmony with section 585 default proceedings"].)

Select contends the decisions in *Whealton v. Whealton*, *supra*, 67 Cal.2d 656 and its progeny are distinguishable because "[t]hose cases appear to involve jurisdictional errors." We doubt those cases support the proposition that a premature default judgment is void *only* if there is a fundamental lack of jurisdiction (such as for failure to effect service of the summons and complaint). Due process requires that, prior to depriving a person of life, liberty, or property, the person must be given reasonable notice and a meaningful opportunity to be heard. (*Mullane v. Central Hanover Bank & Trust Co.* (1950) 339 U.S. 306, 313; *Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 212.) A default cuts off the defendant's right to challenge the superior court's jurisdiction by filing a motion to quash *or* to make a general appearance and answer the complaint and/or demur to it. (See *Title Ins. & Trust Co. v. King Land & Improvement Co.* (1912) 162 Cal. 44, 46; *Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1301.) Therefore, arguably, *any* default judgment entered before the time to answer has expired deprives the defendant of due process of law and should be considered null and void. (*Beller & Keller v. Tyler* (2d Cir. 1997) 120 F.3d 21, 23 ["There is case law support for the proposition that a default judgment entered before the time to answer expires violates due process."]; *Bethany Medical Center v. Niyazi* (1993) 18 Kan.App.2d 80, 82-83 [default judgment entered 18 days after defendant received summons was "inconsistent with due process" and void because by statute the defendant had 30 days to respond to the complaint]; *Red Creek Nat'l Bank v.*

9

*Blue Star Ranch*, *Ltd.* (1977) 396 N.Y.S.2d 936, 937 ["Since here the default judgment was entered before the expiration of the 30-day statutory period in which defendant could appear and answer [citation], it was a nullity and was required to be vacated upon proper motion regardless of any showing of meritorious defense by defendant."].)

In any event, none of the concerns raised by a premature default judgment are present in the context of a premature dismissal under section 581, subdivision (f)(2). Although a premature dismissal should be treated like a premature default judgment for some purposes, it does not necessarily follow that such a premature dismissal is also void.

Select also argues that, because it is undisputed the trial court in this case had fundamental jurisdiction over the parties and subject matter, the premature dismissal was, at most, an act in excess of jurisdiction and was voidable, not void. We recently discussed the distinction between lack of fundamental jurisdiction and acts in excess of jurisdiction. "'The term "jurisdiction," "used continuously in a variety of situations, has so many different meanings that no single statement can be entirely satisfactory as a definition." [Citation.] Essentially, jurisdictional errors are of two types. "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." [Citation.] When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and "thus vulnerable to direct or collateral attack at any time." [Citation.]' (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660 . . . .)

10

"'[F]undamental jurisdiction cannot be conferred by waiver, estoppel, or consent. Rather, an act beyond a court's jurisdiction in the fundamental sense is null and void" ab initio.  [Citation.]'  (*People v. Lara* (2010) 48 Cal.4th 216, 225 . . . .)"  (*People v. American Surety Co.* (2019) 31 Cal.App.5th 380, 399.)

"'However, "in its ordinary usage the phrase 'lack of jurisdiction' is not limited to these fundamental situations."  [Citation.]  It may also "be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites."  [Citation.]  "'[W]hen a statute authorizes [a] prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction.'"  [Citation.]  When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable.  [Citations.]'  (*People v. American Contractors Indemnity Co.*, *supra*, 33 Cal.4th at p. 661 . . . .)  'Because a court that acts in excess of jurisdiction still has "jurisdiction over the subject matter and the parties in the fundamental sense" [citation], any such act is "valid until set aside, and parties may be precluded from setting it aside by such things as waiver, estoppel, or the passage of time"

11

[citation].' (*Kabran* [*v. Sharp Memorial Hospital* (2017)] 2 Cal.5th [330,] 340.)"[4]

(*People v. American Surety Co.*, *supra*, 31 Cal.App.5th at p. 400.)

"Ordinarily, acts in excess of jurisdiction are subject to harmless error analysis, that is, they support a reversal of the judgment only upon a showing of prejudice."[5] (*LAOSD Asbestos Cases* (2018) 28 Cal.App.5th 862, 871.) "We typically apply a harmless-error analysis when a statutory mandate is disobeyed, except in a narrow category of circumstances when we deem the error reversible per se. This practice derives from article VI, section 13 of the California Constitution, which provides: 'No judgment shall be set aside, or new trial granted, in any cause . . . for any error as to any

---

[4] As Select asserts, Briggs did not appear at the ex parte hearing and oppose the motion to dismiss, and he did not move to set aside the judgment of dismissal once it was entered. To the extent Select argues the doctrine of forfeiture should apply to prevent this court from reaching the clear error that is apparent on the face of the record, we are not persuaded. "In general, forfeiture of a claim not raised in the trial court by a party has not precluded review of the claim by an appellate court in the exercise of that court's discretion. [Citations.] Thus, an appellate court may review a forfeited claim—and '[w]hether or not it should do so is entrusted to its discretion.'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7.)

We recognize that Briggs, who represents himself, is entitled to the same but no greater consideration as other parties and attorneys. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; *Stover v. Bruntz* (2017) 12 Cal.App.5th 19, 31.) But, considering the trial court and Select's attorneys were under the misapprehension that Briggs only had until December 6, 2019, to file his amended complaint, it would be patently unfair to hold Briggs to a higher standard and penalize him for not recognizing that Select's dismissal request was premature and for not opposing the request and/or moving to set it aside on that basis.

[5] Although in its supplemental brief Select argued in the alternative that, *if* the dismissal was premature, the error was merely voidable and valid until set aside, Select did not expressly address whether the error was subject to harmless error analysis and did not argue Briggs cannot establish prejudice. We afforded Select the opportunity to address the issue of prejudice during oral argument.

12

matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.'" (*In re Jesusa V.* (2004) 32 Cal.4th 588, 624; see Code Civ. Proc., § 475.)

"The phrase 'miscarriage of justice' has a settled meaning in our law, having been explained in the seminal case of *People v. Watson* (1956) 46 Cal.2d 818 . . . . Thus, 'a "miscarriage of justice" should be declared only when the court, "after an examination of the entire cause, including the evidence," is of the "opinion" that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.' (*Id.* at p. 836.) 'We have made clear that a "probability" in this context does not mean more likely than not, but merely a *reasonable chance*, more than an *abstract possibility*.' (*College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 715 . . . .)" (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800.)

Examining the record, we conclude Briggs was not prejudiced by the trial court's premature dismissal of his complaint. As already noted, Briggs does not argue on appeal that he could have filed an amended complaint that states viable causes of action and would survive another demurrer had the trial court not prematurely dismissed his lawsuit. (See, *ante*, fn. 2.) Therefore, we must conclude the trial court's error was harmless and affirm the judgment.

13

# III.

# DISPOSITION

The judgment of dismissal is affirmed.  In the interests of justice, the parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER

Acting P. J.

We concur:


MILLER

J.


MENETREZ

J.