Filed 12/15/25  Kemper Insurance Co. v. Ferguson CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| KEMPER INSURANCE COMPANY,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>NEENAH FERGUSON,<br><br>    Defendant and Appellant. | B344444<br><br>(Los Angeles County Super. Ct.<br>No. 22STCV38570) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne Hwang, Judge.  Affirmed.

Neenah Ferguson, in pro. per., for Defendant and Appellant.

Maria G. Cordova, for Plaintiff and Respondent.

_____

Defendant Neenah Ferguson appeals from a default judgment entered against her and in favor of Kemper Insurance Company (Kemper). Ferguson contends that the judgment was based on insufficient evidence and the damages awarded to Kemper were excessive. Kemper contends the appellate record is inadequate and the issues raised by Ferguson are not reviewable on appeal from a default judgment. We affirm, finding that Ferguson's briefing is inadequate, Ferguson raises issues not subject to review on appeal from a default judgment, and the record appears to support the damage award.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Kemper filed a complaint against Ferguson, seeking to recover from Ferguson monies Kemper paid to its insured, Jonathan Little, for damages caused by Ferguson to Little's property. Specifically, the complaint alleged that in June 2020, Ferguson was driving a Toyota Corolla when the car "collided with the brick garage wall/gate" of Little's home, causing significant damage. Little made a claim to Kemper under his homeowner's insurance policy for the damage caused by Ferguson's "inattention, driving under the influence, attempted

---

[1] An appellant's opening brief must contain "a summary of the significant facts" relevant to the issues raised in the appeal, supported by a citation to the page number of the record where each fact appears. (Cal. Rules of Court, rule 8.204(a)(2)(C).) In this case, both the opening brief and respondent's brief lack any citations to the appellate record. Nonetheless, we give a brief procedural overview based on our independent review of the parties' appellate filings and the record.

hit and run, and not properly maintaining her vehicle." Kemper paid property damages to Little pursuant to the policy, and Kemper thereby "became and now is, subrogated to" Little's rights against Ferguson for the amounts Kemper paid to Little. Kemper sought subrogation damages from Ferguson in the amount of $38,354.96, plus prejudgment interest and costs.

On September 10, 2024, the trial court entered default judgment against Ferguson and in favor of Kemper for $35,177.73. The total judgment comprised $33,354.96 in damages, $1,202.60 in interest, and $620.17 in costs. Ferguson filed a notice of appeal on February 19, 2025.[2]

## DISCUSSION

### A. Adequacy of Briefing

Kemper argues that Ferguson has not met her burden of providing an adequate record to show error, in part because she elected to proceed without a reporter's transcript, and also because she "did not cite the record in her opening brief."

"We presume the trial court's judgment is correct, and to overcome that presumption appellants must affirmatively establish prejudicial error by providing an adequate record, citing to the record, and presenting a persuasive argument with citations to supportive legal authorities. [Citations.]" (*LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023)

---

[2] Our record does not include a notice of entry of judgment served upon Ferguson. Accordingly, we conclude the appeal is timely, as it was filed within 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104, subd. (a)(1)(C).)

3

94 Cal.App.5th 1050, 1070.) It is also a well-established principle of appellate law that all factual statements in a brief must be supported by specific citations to the appellate record. (California Rules of Court, rule 8.204(a)(1)(C); *Wentworth v. Regents of University of California* (2024) 105 Cal.App.5th 580, 595–596 [appellate courts may disregard arguments relying on factual statements unsupported by record citations].) These principles apply regardless of whether a party to an appeal is self-represented or not. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

We agree that Ferguson fails to support the factual assertions in her brief with citations to the appellate record as required. Ferguson's failure is sufficient in and of itself to affirm the judgment. However, we note that Kemper's brief suffers from the same failure, as it also lacks any citations to the appellate record. Except as necessary to understand the procedural history of the case, we disregard any factual statements in both parties' briefs. Even if we were to overlook the inadequacies in briefing, we nevertheless affirm the judgment for the reasons set forth below.

## B. Sufficiency of the Default Judgment

Ferguson describes the grounds for her appeal as consisting of "insufficient evidence for the default judgment . . . as well as excessive or inadequate damages, errors of law, and abuse of discretion."

To the extent Ferguson seeks to argue that the underlying facts were insufficient to show negligence or causation of the damages sought by Kemper, we reject her arguments. "In

4

general, a defendant's default admits the truth of the allegations in the plaintiff's complaint.  [Citation.]  As a result, if 'the defaulting party takes no steps in the trial court to set aside the default judgment, appeal from the default judgment presents for review only the questions of jurisdiction and the sufficiency of the pleadings.' (*Corona v. Lundigan* (1984) 158 Cal.App.3d 764, 766–767; *Butenschoen v. Flaker* (2017) 16 Cal.App.5th Supp. 10, 13.)" (*J.W. v. Watchtower Bible and Tract Society of New York, Inc.* (2018) 29 Cal.App.5th 1142, 1166, fn. 5.)

Ferguson also makes reference in her opening brief  to "the totalling of the rental car through Hertz and the allocation of funds to Kemper Insurance."  Ferguson continues "Kemper Insurance should also include the $5,000 received from Hertz." To the extent we understand Ferguson to be challenging the sufficiency of the evidence supporting the damage award, we reject the argument.  Our review of the appellate record shows that in May 2024, the trial court rejected Kemper's initial request for default judgment, explaining that while Hertz had paid $5,000 (presumably to Little), there was no evidence that Hertz had assigned to Kemper Hertz's right to collect that amount. Thus, while Kemper originally claimed $38,354.96 in subrogation damages, the judgment only awarded Kemper $33,354.96 in subrogation damages.

Accordingly, Ferguson has not shown that the damages amount did not account for the money paid by Hertz.  As such, Ferguson has not shown the amount awarded in the default judgment to be in error.

## DISPOSITION

The September 10, 2024 judgment is affirmed.  Plaintiff Kemper Insurance Company is awarded costs on appeal.
NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.


BAKER, J.