[Civ. No. 57198. Second Dist., Div. Four. Nov. 19, 1980.]

RAFAEL CARAZO et al., Plaintiffs and Respondents, v.
YELBA LOPEZ, Defendant and Appellant.

COUNSEL

Yelba Lopez, in pro. per., for Defendant and Appellant.

Cadoo, Tretheway, McGinn & Morgan, Robert J. Reamer and Phillip G. Trad for Plaintiffs and Respondents.

OPINION

MUNOZ, J.*—Appellant, Yelba Lopez, appeals from the judgment of $1,982 plus 7 percent interest from March 22, 1974, entered in favor of

---

*Assigned by the Chairperson of the Judicial Council.

respondents, Rafael and Maria Carazo, following a trial before the trial court sitting without a jury.

On or about October 31, 1975, appellant, a real estate agent, was employed by respondents to procure a buyer for respondents' property. Respondents could not read or write the English language and all of the documents that were subsequently signed by them were in the English language.

In January 1974, appellant presented an offer to purchase the property from Maria and Adam Chavez. Respondents were unable to read or understand the contents of the documents presented by appellant and appellant undertook to advise respondents of their nature and contents. Based upon appellant's representations, respondents accepted the Chavez' offer.

Thereafter appellant caused an escrow to be opened. Respondents were entirely ignorant of the procedures involved and appellant represented that she would take care of everything for them. During the escrow period, appellant had respondents sign all of the documents necessary to complete the escrow. One of the documents was a second deed of trust in the sum of $3,092.60 which was to be part of the purchase price. Another document was an assignment of that deed of trust to appellant. Respondents did not know that they were to receive a second deed of trust from the Chavezes as a part of the purchase price, nor did they agree at any time to assign that deed of trust to appellant. It was their belief, based upon appellant's representations, that they would receive the value of their equity in the property less appellant's 6 percent commission.

On March 22, 1974, escrow closed. Out of the proceeds of the escrow respondents received the sum of $500. At the time they received this money, appellant represented they would receive the balance in cash in the near future. About one month later, after repeated inquiries from respondents, appellant informed respondents that the $500 was all they were to receive.

Later appellant sold the second deed of trust back to the buyers for the sum of $2,000. Appellant concealed from respondents the true compensation she received from the transaction. Had appellant received the 6 percent commission to which she agreed, respondents would have received an additional $1,982.

■ On this appeal, appellant has raised no issues concerning the ruling below other than to attempt to reargue the facts. The evidence below was in conflict. In resolving that conflict, the trial court heard and saw the witnesses. Since the decision was based upon substantial evidence, we may not substitute our judgment for that of the trial court. (*Crawford* v. *Southern Pacific Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183].)

■ This appeal is totally without merit, frivolous, and was apparently taken solely for the purposes of delay. In 1974, appellant violated her fiduciary duty to respondents by taking advantage of their inability to speak English. As a result, they had to hire counsel and wait over four years before receiving a judgment for the amount of damages they had sustained. In 1978, appellant was finally ordered to pay the money which she owed to respondents with interest of 7 percent per annum from 1974. During the period between 1974 and 1978 interest rates were much higher than 7 percent. In essence, by taking advantage of people unschooled and unskilled in the English language, appellant received a low interest loan. She then filed this frivolous appeal forcing respondents to incur further attorney's fees and court costs. Now, over six and one-half years later, the time has come to finalize those proceedings and prevent appellant from further abusing respondents and the courts of this state. Respondents are awarded additional damages in the amount of $1,000 as costs on appeal. (Code Civ. Proc., § 907; see also, Cal. Rules of Court, rule 26(a); *In re Marriage of Millet* (1974) 41 Cal.App.3d 729, 732 [116 Cal.Rptr. 390].)

The judgment is affirmed. Costs on appeal shall include, in addition to the normal costs, the sum of $1,000 as a penalty.

Files, P. J., and Kingsley, J., concurred.