[No. B002785. Second Dist., Div. Seven. July 25, 1984.]

ALVINO CORONA, Plaintiff and Respondent, v.
BRITT LUNDIGAN, Defendant and Appellant.

**COUNSEL**

Benjamin M. Reinhardt for Defendant and Appellant.

Toscano & Toscano and Oscar E. Toscano for Plaintiff and Respondent.

**OPINION**

**BEVERLY, J.**\*—

### INTRODUCTION

This is an appeal by defendant (appellant) Lundigan from a judgment by the court on January 21, 1983, after default, which awarded to plaintiff (respondent) $25,708.23.

In its judgment, the court found that plaintiff was defrauded by defendant, who made false and fraudulent representations to plaintiff, and that defendant breached his fiduciary obligations to plaintiff arising from appellant's position as real estate broker in the sale of two properties.

### FACTS

Though defendant extensively cites the record of the testimony during the trial which resulted in the default judgment, the only relevant facts relating to the appeal are as follows:

Plaintiff filed this action against Bayshore Realty, Rick Alberts, Samuel Clossman, Progressive Mortgage, Western Mutual Escrow Corporation, Western Title Escrow Corporation, Does 1 through 30, inclusive, and defendant Britt Lundigan. Defendants Bayshore Realty, Alberts, Crossman, Western Mutual Escrow Corporation, and Western Title Corporation filed answers to the complaint. Defendant did not. The matter was scheduled for mandatory settlement conference on December 14, 1982, and trial on January 6, 1983. Prior to trial, plaintiff and defendants Bayshore Realty, Alberts, Crossman, Western Mutual Escrow Corporation and Western Title Escrow Corporation entered into a settlement. The matter was taken off calendar as to those defendants, and proceeded to trial and default judgment against defendant.

### DISCUSSION

#### I

#### *Issues Reviewable on Appeal*

■   Where, as here, the defaulting party takes no steps in the trial court to set aside the default judgment, appeal from the default judgment presents

---

\*Assigned by the Chairperson of the Judicial Council.

for review only the questions of jurisdiction and the sufficiency of the pleadings. (6 Witkin, Cal. Procedure (2d ed.) § 241, p. 4233; *Lee* v. *Ski Run Apartments Associates* (1967) 249 Cal.App.2d 293, 294 [57 Cal.Rptr. 496]; *Mackie* v. *Mackie* (1960) 186 Cal.App.2d 825, 830 [9 Cal.Rptr. 173].) Though defendant refers extensively to the testimony at trial contained in the reporter's transcript, sufficiency of the evidence is not reviewable within the purview of this rule. Consequently, virtually none of the issues raised by defendant is reviewable.

Defendant does not attack the jurisdiction of the court. The closest he comes to this, by charitable inference, is his request that we take judicial notice of ". . . the entire file in *Alvino Corona* v. *Carlos Lopez, Margarita Lopez and Eulalia Sanchez,* filed February 6, 1981, in Los Angeles Superior Court as case No. C 355093V . . . ." Defendant does not indicate the reason for his request, other than to raise questions regarding the veracity of witnesses during the trial in the instant case. Interestingly, defendant took no steps to make that case part of the record on appeal, and thankfully so since it is not reviewable for reasons hereinabove stated.

Likewise, defendant does not attack the sufficiency of the pleadings. The closest he comes to this, again by charitable inference, is his completely erroneous reference to "Paragraph 6 of Exhibit 2 in evidence (Amendment to Escrow) . . . ." Defendant's reference there is in support of its contention that the effect of the language in that document constituted a waiver by plaintiff of all responsibility and liability on the part of defendant. The first problem with that contention is that there is no such exhibit. Page i of the reporter's transcript refers to exhibit two as a "Photocopy of Exclusive Right Listing Agreement." Even if such a provision did exist, the complaint alleges on page 4 at paragraph 14 that the plaintiff was 82 years of age at the time of the filing of the complaint, and that he never understood nor spoke English (the language of the purported waiver). Defendant does not even attempt to explain how any defect in the pleading would result if such "waiver" language did exist.

Defendant's remaining contentions weigh issues of the sufficiency of the evidence, and hence are not considered. (6 Witkin, Cal. Procedure (2d ed.) § 241, p. 4233; *Heathman* v. *Vant* (1959) 172 Cal.App.2d 639, 644 [343 P.2d 104].)

## II

### *Plaintiff's Request for Sanctions*

Plaintiff requests that sanctions be imposed for a frivolous appeal pursuant to rule 26(a), California Rules of Court, and section 907 of the Code of Civil Procedure.

California Rules of Court, rule 26(a), provides in pertinent part, "Where the appeal is frivolous or taken solely for the purpose of delay . . . the reviewing court may impose upon offending attorneys or parties such penalties, including the withholding or imposing of costs, as the circumstances of the case and the discouragement of like conduct in the future may require." Code of Civil Procedure section 907 provides, "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just."

■ Free access to the courts is a vital aspect of our system of jurisprudence, ". . . and a party possessing a colorable claim must be allowed to assert it without fear of suffering a penalty more severe than that typically imposed on defeated parties." (*Young* v. *Redman* (1976) 55 Cal.App.3d 827, 838 [128 Cal.Rptr. 86].) Litigants have the right to present issues arguably correct, even if the likelihood of winning on appeal is remote. These concerns are addressed at length in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 646-654 [183 Cal.Rptr. 508, 646 P.2d 179]. Any definition must be read so as to avoid a serious chilling effect on the assertion of litigant's rights on appeal. (*Ibid.*) The test in determining whether the appeal is frivolous is not whether the attorney acted in the honest belief that he had grounds for appeal, but whether any reasonable person would have held that opinion and not concluded that the point was totally and completely devoid of merit and therefore frivolous. (*Kunza* v. *Gaskell* (1979) 91 Cal.App.3d 201, 211 [154 Cal.Rptr. 101]; *Estate of Walters* (1950) 99 Cal.App.2d 552, 558 [222 P.2d 100].)

The issue of sanctions is very difficult and vexing to the court. Many factors must be weighed with deference and sensitivity to our adversary system of justice. Free access to the courts may not be chilled out of fear of reprisals. An appeal that is simply without merit is not by definition frivolous and should not incur sanctions. (*In re Marriage of Flaherty, supra,* 31 Cal.3d 637.) The resulting appropriate judicial posture is that in all but the clearest cases it should not be used. (*Ibid.*) However, the other end of the scale is to ensure that indefensible conduct does not occur. Abuse of the system subjects attorneys to needless and taxing hours of labor, and their clients to additional unwarranted expense and delay.

■ In the instant case, the rules governing reviewability of issues were not esoteric, yet they went totally unaddressed by defendant. None of the issues raised by defendant had any arguable merit. None were reviewable in accordance with the rules herein before mentioned. No reason was given by defendant as to why any arguable exception to those rules should apply to the issues he did raise. No authority was cited in support of a deviation of the rules. References were made to an exhibit that was nonexistent. De-

fendant invited the court's attention to matters outside of the record on appeal.

Defendant was found to have defrauded an 82-year-old man who neither spoke, read nor wrote English. This occurred while the defendant occupied a fiduciary position with plaintiff as a real estate broker. Defendant did not file an answer to the complaint, nor did he make any move to set aside the default judgment in the court below. The only reasonable conclusion at which this court can arrive in an appeal so devoid of merit is that it was taken solely for the purpose of delay. (*Carazo* v. *Lopez* (1980) 112 Cal.App.3d 319 [169 Cal.Rptr. 182].)

## CONCLUSION

The judgment is affirmed. Plaintiff is awarded his costs on appeal. In addition, defendant is ordered to pay the sum of $2,000 to plaintiff, and $2,000 to plaintiff's attorney as a penalty.

Johnson, Acting P. J., and Thompson, J., concurred.