Filed 10/10/23  City and County of San Francisco v. Bezhanski CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STILIYAN BEZHANSKI,<br><br>    Defendant and Appellant. | A167570<br><br>(City & County of San Francisco Super. Ct. No. CGC-21-594112) |

### MEMORANDUM OPINION[1]

This appeal arises from a default judgment entered against defendant Stiliyan Bezhanski after plaintiff City and County of San Francisco (City & County) filed a complaint for collection of $48,174.03 in unpaid administrative penalties for multiple violations of the San Francisco Administrative Code (S.F. Administrative Code).  Bezhanski, proceeding in propria persona at all relevant times, did not move in the trial court to set aside the default and resulting judgment.  (Code Civ. Proc., § 473.)  Nonetheless, Bezhanski argues on appeal that the City & County lacked authority under the general law to impose administrative penalties in excess

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

1

of $1,000 for a single code violation, citing Government Code sections 25132 and 36901.

It is well established that judgments and orders are presumed correct and error must be affirmatively shown on appeal. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) As a consequence of this rule, the appellant (here, Bezhanski) has the burden of providing the court with an adequate record to determine whether any error was committed below. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) Moreover, because the reviewing court must make all presumptions in favor of the validity of the judgment, failure to provide an adequate record on an issue raised on appeal requires that the issue be resolved against the appellant. (*Id*. at pp. 1295–1296; *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 576.)

In this case, the record on appeal consists of an appendix that includes a declaration from a senior analyst with the City & County's Planning Department, Zoning and Compliance Division, Office of Short-Term Rentals. According to this declaration, a hearing officer determined that a residential unit on Bezhanski's property was in violation of S.F. Administrative Code chapter 41A for being offered and/or operated for an unauthorized tourist or transient use. Bezhanski was assessed $42,350 in administrative penalties. This amount was calculated as follows: (1) $39,930 in penalties for notice of violation (NOV) 1, consisting of 66 days times $484 per unit, per day ($31,944 total) plus $7,986 in enforcement fees; and (2) $2,420 for NOV 2, consisting of 2 days times $968 per unit, per day ($1,936 total) plus $484 in enforcement fees.

The record on appeal also includes the default judgment awarding the City & County a total of $48,174.03. This amount includes $42,350 in

2

damages (representing the assessed administrative penalties), $3,762.71 in attorney fees, and $2,061.32 in previously ordered sanctions.

However, the record on appeal does not contain several documents necessary for consideration of Bezhanski's contention that the administrative penalties imposed by the City & County against him were not authorized by Government Code section 25132 or by the general law, assuming for the sake of argument this issue is properly before this court (see pp. 3–4, *post*).  First, the clerk's transcript does not contain a copy of the summons, the operative complaint or the request for entry of default, which made up the judgment roll in the superior court.  (Code Civ. Proc., § 670, subd. (a) ["In case the complaint is not answered by any defendant, [the judgment roll consists of] the summons, with the affidavit or proof of service; the complaint; the request for entry of default with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment"].)  In addition, the record does not include a reporter's transcript that may have shed light on the trial court's reasoning in awarding the City & County $42,350 in damages.  While Bezhanski's opening brief purports to describe (and quote from) the trial court's legal analysis, there is no citation to any document in the record where this analysis can be found.

These omissions are fatal.  An appellant who failed to move to set aside a default judgment in the trial court may challenge the default judgment on appeal only on limited grounds such as lack of jurisdiction or fundamental pleading defects.  (*Bristol Convalescent Hospital v. Stone* (1968) 258 Cal.App.2d 848, 859; *Corona v. Lundigan* (1984) 158 Cal.App.3d 764, 767–768.)  Bezhanski did not raise these grounds on appeal, and even if he had, the record is inadequate to address them.  Under these circumstances, the

3

default judgment must be affirmed.[2] (*In re Linda D.* (1970) 3 Cal.App.3d 567, 571 ["It is settled that matters not presented by the record cannot be considered on appeal"].)

## DISPOSITION

The judgment is affirmed.

_____
Jackson, P. J.

WE CONCUR:

_____
Simons, J.

_____
Chou, J.

A167570/*City and County of San Francisco v. Bezhanski*

---

[2] We acknowledge Bezhanski is a self-represented litigant. However, this circumstance does not excuse his noncompliance with mandatory rules of appellate procedure. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)