Filed 12/2/25  Redwood Fire and Casualty Insurance Co. v. Coral Motel CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| REDWOOD FIRE AND CASUALTY INSURANCE COMPANY, Plaintiff and Respondent, v. CORAL MOTEL et al., Defendants and Appellants. | G063943 (Super. Ct. No. 30-2021-01194817) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, John C. Gastelum, Judge. Reversed and remanded with directions.

Law Offices of Frank A. Weiser and Frank A. Weiser for Defendants and Appellants.

Laughlin, Falbo, Levy & Moresi and Priscilla W. Lloyd for Plaintiff and Respondent.

Defendants Coral Motel and Balubhai Patel[1] appeal from a default judgment in favor of plaintiff Redwood Fire and Casualty Insurance Company (Redwood). We conclude the trial court erred in entering defaults and a default judgment against Coral Motel and Balubhai because Redwood failed to serve a statement of damages prior to the entry of defaults and the amount of the default judgment exceeded the relief demanded in the complaint. We reverse the judgment and remand the matter to the trial court for further proceedings and with directions to vacate the defaults against Coral Motel and Balubhai, vacate the order striking their answer, and reinstate their answer.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2021, Redwood filed its complaint against Coral Motel, Balubhai, and Jaymanti (collectively, defendants), asserting causes of action for general negligence and premises liability. The complaint alleged, among other things, "Andre Pinesett was acting in the course and scope of his employment with [Redwood's] insured," and defendants "breached their duty by negligently, recklessly, carelessly, and unlawfully owning, operating, maintaining, servicing, entrusting and/or otherwise controlling the property . . . in such a manner so as to proximately cause injury to" Pinesett. According to the complaint, as a result of defendants' negligence and the injuries to Pinesett, Redwood "has been obligated to pay, and has paid, [w]orkers' [c]ompensation benefits to or on behalf of" Pinesett, and "[p]ursuant to California Labor Code [section 3850] et seq., [Redwood's] damages will be proven at the time of trial." The complaint also alleged

---

[1] Because Balubhai Patel shares the same last name as another defendant, Jaymanti M. Patel, we refer to them individually as Balubhai and Jaymanti for clarity. Jaymanti is not a party to this appeal.

Redwood "has paid to or on behalf of . . . Pinesett's workers' compensation benefits to date $7,084.53," and Redwood "will become obligated to pay further benefits in sums not yet fully determined, but which will be specified by amendment when determined or proven." The complaint further asserted, "as a statutory trustee, [Redwood] seeks to recover all damages owed to date" to Pinesett. Redwood filed proofs of service of, among other things, the summons and complaint (but not a statement of damages).[2] In July 2021, defendants filed an answer.

On October 18, 2021 and January 11, 2022, the trial court held case management conferences.[3] Redwood's counsel appeared but defendants' counsel did not.

On February 22, 2022, the trial court held another case management conference. Again, Redwood's counsel appeared but defendants' counsel did not. The court continued the case management conference to

---

[2] In May 2021, the trial court deemed this action related to another case, *Pinesett v. Coral Motel et al.*, case No. 30-2021-01179977 (the *Pinesett* Action). In January 2025, Redwood filed in this court a motion for relief from default and for leave to file its own designation of the record, which sought to include the nonpublished "opinion and, for context, the record from the" prior appeal to this court from the *Pinesett* Action (*Pinesett v. Coral Motel* (Nov. 8, 2024, G062843) [nonpub. opn.]). In a February 2025 order, this court denied that motion. This court, however, noted it would consider taking judicial notice of the record and opinion in the prior appeal from the *Pinesett* Action, and "[i]n their remaining briefing, the parties may discuss whether taking judicial notice of the record and opinion in case No. G062843 is justified." Neither party addressed in their briefing whether this court should take such judicial notice. We do not take judicial notice of the nonpublished opinion and record from the prior appeal in the *Pinesett* Action as it is unnecessary.

[3] The record on appeal does not contain a reporter's transcript for any of the hearings in the trial court.

April 12, 2022, and set an order to show cause for sanctions based on defendants' failure to appear. The court also noted it would consider striking the answer and entering defaults if defendants did not appear on April 12, 2022.

On April 11, 2022, defendants filed a declaration from their counsel in response to the order to show cause. Counsel for defendants appeared at the April 12, 2022 hearing, but this time Redwood's counsel did not. The minute order indicates the trial court and counsel discussed the order to show cause and the status of discovery. The court set a further case management conference for June 21, 2022. The order to show cause was not continued to a later date.

On June 21, 2022, the trial court held a case management conference at which Redwood's counsel appeared but, once again, defendants' counsel did not. The minute order indicates the court and Redwood's counsel discussed defendants' failures to appear and discovery. The court entered an order striking defendants' answer and entering their defaults. The court scheduled a status conference regarding default for August 15, 2022.

On August 15, 2022, the trial court held the status conference. The minute order indicates Redwood's counsel advised the court it had served a statement of damages. On August 22, 2022, Redwood filed proofs of service of the statements of damages on Coral Motel and Balubhai, which indicated they were served on August 14, 2022.[4]

On December 2, 2022, Redwood filed new statements of damages as to Coral Motel and Balubhai. Each statement of damages was dated

_____

[4] The record on appeal does not include the statements of damages that were served in August 2022.

4

December 1, 2022, and listed $57,868.11 under "[o]ther" special damages for reimbursement for workers' compensation benefits paid. Additionally, during 2022 and 2023, it appears Redwood made multiple attempts to file documents in support of a request for entry of default judgment that were rejected by the court.[5]

On May 1, 2023, Redwood filed a request for judgment against Coral Motel and Balubhai and supporting documents, which included declarations from Redwood's counsel and paralegal and other documents. Redwood also filed another set of statements of damages as to Coral Motel and Balubhai, both of which were dated April 26, 2023, and again listed $57,868.11 under "[o]ther" special damages for reimbursement for workers' compensation benefits paid.

In a July 3, 2023 minute order, the trial court indicated it had read and considered Redwood's default judgment packet. The court noted the "[c]omplaint does not state amount owed" and Redwood would "[n]eed to file a [f]irst [a]mended [c]omplaint stating amount of damages claimed." On October 30, 2023, Redwood's counsel filed a declaration stating, among other things, the complaint identified $7,084.53 as the amount paid to date and the amount identified in the proposed form of judgment matched the amount listed in the August 14, 2022 statement of damages. Redwood's counsel also said it had attempted to file a first amended complaint in October 2023, but the court had rejected it because judgment had already been entered.

---

[5] From the record on appeal, it appears there may have been some confusion regarding whether Jaymanti had been dismissed from the case at the time. Jaymanti eventually was dismissed from the case and, as noted earlier, is not a party to this appeal.

Redwood's counsel declared the rejection was in error, however, because judgment had only been entered in the related action, not in this action.

On January 19, 2024, the trial court entered default judgment against Coral Motel and Balubhai, awarding Redwood damages of $57,868.11. Coral Motel and Balubhai timely filed a notice of appeal.

DISCUSSION

Under Code of Civil Procedure section 580, subdivision (a),[6] "[t]he relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint, in the statement required by [s]ection 425.11, or in the statement provided for by [s]ection 425.115." "Section 580 must be strictly construed." (*Stein v. York* (2010) 181 Cal.App.4th 320, 325.) "Section 580, and related sections 585, 586, 425.10 and 425.11, aim to ensure that a defendant who declines to contest an action does not thereby subject himself to open-ended liability." (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826.)

"The purpose of these restrictions on the amounts of damages awarded in a default judgment is to ensure that a defendant is given adequate notice of the amount of the judgment that may be entered against the defendant, as required by due process. [Citation.] A defendant who is denied adequate notice of the amount of the default judgment that may be entered against the defendant is effectively denied a fair hearing. [Citations.] A default judgment resulting from the denial of a fair hearing in this manner is void. [Citation.] The California Supreme Court has consistently stated that a default judgment awarding damages greater than the amount demanded in violation of section 580 is beyond the court's jurisdiction." (*Matera v. McLeod*

---

[6] All undesignated statutory references are to the Code of Civil Procedure.

6

(2006) 145 Cal.App.4th 44, 61 (*Matera*); see also *Sass v. Cohen* (2020) 10 Cal.5th 861, 863 ["'in all default judgments the demand sets a ceiling on recovery,' and a judgment purporting to grant relief beyond that ceiling is void for being in excess of jurisdiction"].)

Additionally, in an action "brought to recover actual or punitive damages for personal injury or wrongful death," the complaint shall not state the amount demanded. (§ 425.10, subd. (b).) Instead, section 425.11 provides a procedure for requesting and serving a statement of damages in an action to recover damages for personal injury or wrongful death.[7] If no request for a statement of damages was made under section 425.11, subdivision (b), "the plaintiff shall serve the statement on the defendant *before a default may be taken*." (*Id.*, subd. (c), italics added.) As the California Supreme Court has

---

[7] On appeal, Redwood does not dispute that a statement of damages was required because this was an action to recover damages for personal injury. Indeed, Redwood characterizes this action as a "personal injury matter" and served untimely statements of damages in the trial court. Although Redwood is not the individual who was allegedly injured, we conclude a statement of damages was required because Redwood's complaint, which asserted causes of action for negligence and premises liability, was an action to recover damages for personal injury. Under Labor Code section 3852, "[t]he claim of an employee . . . for compensation does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer" and "[a]ny employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation . . . may likewise make a claim or bring an action against the third person." Notably, "[i]n bringing a subrogation action under Labor Code section 3852, the employer stands in the same shoes as its injured employee. Its action is purely derivative of the employee's action. . . . 'Substantively, as well as procedurally, employer and employee actions are interchangeable: regardless of who brings an action, it is essentially the same lawsuit.'" (*Garofalo v. Princess Cruises, Inc.* (2000) 85 Cal.App.4th 1060, 1070; see also Lab. Code, § 3850, subd. (b) [defining employer to include insurer].)

7

explained, "[t]he defendant is entitled to "'one 'last clear chance' to respond to the allegations of the complaint and to avoid the precise consequences . . . [of] a judgment for a substantial sum . . . . [without] any actual notice of . . . potential liability . . . . " [Citations omitted.]' [Citations.] Indeed, as 'knowledge of the alleged amount of damages may be crucial to a defendant's decision whether to permit a clerk's default' [citation], liability imposed upon a defaulting defendant without notice of the amount of damages claimed violates both sections 425.11 and 580." (*Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 433.)

Moreover, a statement of damages that is served *after* taking a default but *before* entry of the default judgment does "not satisfy the requirement of . . . section 425.11 that a statement of damages must be served 'before a default may be taken' in a personal injury case." (*Hamm v. Elkin* (1987) 196 Cal.App.3d 1343, 1344–1345; see also *Schwab v. Rondel Homes, Inc., supra*, 53 Cal.3d at p. 435 [noting "[a] defendant is entitled to actual notice of the liability to which he or she may be subjected, a reasonable period of time before default may be entered"].) In *Matera*, the appellate court concluded a default judgment was void and the defaults must be vacated where a statement of damages was served two days before entry of default because that "was not a reasonable period of time to apprise the defendants of their substantial potential liability." (*Matera, supra*, 145 Cal.App.4th at p. 62.)

Here, we conclude the default judgment—and the entry of defaults that preceded it—must be vacated because Redwood failed to serve a statement of damages before the entry of defaults and the default judgment of $57,868.11 exceeded the relief demanded in the complaint. As discussed above, the trial court ordered on June 21, 2022, that defaults were entered

8

against Coral Motel and Balubhai. Redwood's proofs of service for the first statements of damages indicate they were not served until August 14, 2022, approximately seven weeks later. The default judgment is thus void and the defaults need to be vacated. (See *Matera, supra*, 145 Cal.App.4th at p. 62.)

In its respondent's brief, Redwood does not directly address the merits of Coral Motel and Balubhai's argument regarding the failure to serve a statement of damages prior to the entry of defaults. Instead, relying on *Corona v. Lundigan* (1984) 158 Cal.App.3d 764, Redwood asserts "the only real issue here is whether [Coral Motel and Balubhai's] failure to avail themselves of the statutory remedy that was readily available to them in the trial court precludes their relief upon this appeal." (See *id.* at pp. 766–767 [stating where "the defaulting party takes no steps in the trial court to set aside the default judgment, appeal from the default judgment presents for review only the questions of jurisdiction and the sufficiency of the pleadings"]; see also *Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 824 [noting "[i]n an appeal from a default judgment, review of the default judgment is limited to questions of jurisdiction, sufficiency of the pleadings and excessive damages, if the damages awarded exceed the sum sought in the complaint"].) Redwood argues the court's order striking defendants' answer and entering their defaults was only voidable and Coral Motel and Balubhai forfeited their arguments by failing to seek timely relief in the trial court under section 473, subdivision (b).

Redwood is correct that there are certain limitations on appellate review given that Coral Motel and Balubhai did not move to set aside their defaults and the default judgment in the trial court. But Redwood's argument is misplaced because it does not address the specific damages issue raised on this direct appeal. As *Matera* explained, "a default judgment awarding

9

damages in excess of the amount allowed under section 580 is beyond the court's jurisdiction and therefore is void," and "[a] claim that a default judgment awards damages in excess of the amount allowed under section 580 therefore can be raised for the first time on appeal." (*Matera, supra*, 145 Cal.App.4th at p. 59; see also *Stein v. York, supra*, 181 Cal.App.4th at p. 326 ["a default judgment in an amount greater than the amount demanded is void and subject to either direct or collateral attack"].) Thus, we can review on this direct appeal whether the default judgment is void and the defaults must be vacated because sections 580 and 425.11 were violated. As discussed above, the amount of the default judgment exceeded the relief demanded in the complaint, and the statements of damages served *after* the defaults were already entered were insufficient.

Finally, given our conclusion the defaults and default judgment must be vacated, we also conclude the order striking Coral Motel and Balubhai's answer must be vacated and their answer reinstated. (*Matera, supra*, 145 Cal.App.4th at p. 62 [explaining "[t]he striking of a defendant's answer as a terminating sanction leads inexorably to the entry of default" and "[t]o vacate the defaults without reinstating defendants' answer would be an empty gesture"].)[8]

---

[8] Given our conclusion, we need not address Coral Motel and Balubhai's additional arguments for reversal.

10

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court for further proceedings and with directions to vacate the defaults against Coral Motel and Balubhai, vacate the order striking their answer, and reinstate their answer. Appellants shall recover costs on appeal.

GOODING, J.

WE CONCUR:

MOTOIKE, ACTING P. J.

SCOTT, J.