Filed 3/25/26  Perez v. Shaouli CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LORRAINE PEREZ, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SUSAN SHAOULI et al., <br><br> Defendants and Appellants. | B344100 <br><br> (Los Angeles County Super. Ct. No. 23STCV19612) <br><br> **ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING** <br><br> [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on March 6, 2026, be modified as follows:

On page 13, after the sentence "Plaintiff is to recover costs on appeal," add footnote 6 to read:

> Appellants' petition for rehearing improperly contains arguments not previously made in their briefs.  (*Reynolds v. Bement* (2005) 36 Cal.4th 1075,

1092.) "Matters raised for the first time in a petition for rehearing are deemed waived." (*Samantha B. v. Aurora Vista Del Mar, LLC* (2022) 77 Cal.App.5th 85, 109.)

The petition for rehearing is denied. There is no change in the judgment.

_____

HOFFSTADT, P. J.        KIM (D.), J.        KUMAR, J.*

---

\*      Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 3/6/26  Perez v. Shaouli CA2/5 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LORRAINE PEREZ, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SUSAN SHAOULI et al., <br><br> Defendants and Appellants. | B344100 <br><br> (Los Angeles County <br> Super. CT. No. 23STCV19612) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jon R. Takasugi, Judge.  Affirmed.

Law offices of Frank A. Weiser and Frank A. Weiser for Defendants and Appellants.

Law Offices of Jong Yun Kim and Jong Yun Kim for Plaintiff and Respondent.

Defendants and appellants John and Susan Shaouli challenge the validity of a default judgment entered in a case filed by plaintiff and respondent Lorraine Perez alleging two causes of action grounded in discrimination based on a disability—one for a violation of California's accessibility laws (Civ. Code, §§ 54 & 54.1) and the other based on the Unruh Civil Rights Act (§ 51).

We affirm the judgment as defendants' challenges are either not properly before this court (because no motion to set aside the default judgment was filed in the trial court) or, to the extent they constitute exceptions to the general rule barring review, they lack merit.

## BACKGROUND

Plaintiff's August 16, 2023 complaint alleged as follows. Defendants owned Rene's Bakery in Los Angeles. The Department of Motor Vehicles provided plaintiff with a disability placard due to her "physical impairments." Within one year prior to filing the complaint, plaintiff, "on at least three different occasions," attempted to patronize the bakery but encountered a barrier to accessing the establishment in that it did not provide parking designated for customers with disability placards. Plaintiff sought $4,000 in statutory damages "per violation" on each cause of action, attorney fees, and costs of the lawsuit. Defendants did not file an answer.

On November 27, 2023, plaintiff filed a request for entry of default and default was entered that same day. On October 29, 2024, the following documents were filed in support of a request for entry of a default judgment. Plaintiff's counsel filed a declaration and requested $750 in attorney fees. Perez filed a declaration in support of the allegations in the complaint and the

2

entry of default judgment. In her declaration, Perez stated she attempted to patronize the bakery in June, July, and August of 2023 but was prevented from doing so due to the absence of "ADA parking." Perez declared, "I am entitled to the statutory damages of $4,000 per visit . . . [t]herefore, I am entitled to $12,000." Plaintiff submitted a "summary of the case" supporting a request for default judgment; the pleading essentially repeated the facts alleged in Perez's declaration including a request for $12,000 in damages.

Plaintiff next filed an application for a court judgment awarding $12,000 in damages, $750 in attorney fees, and $851 in costs. The request was granted and a default judgment was entered on January 13, 2025, for a total of $13,601, parsed out in the manner requested. As we have previously pointed out, defendants did not file a motion to set aside the default judgment.

## DISCUSSION

"Where . . . the defaulting party takes no steps in the trial court to set aside the default judgment, appeal from the default judgment presents for review only the questions of jurisdiction and the sufficiency of the pleadings. [Citations.]" (*Corona v. Lundigan* (1984) 158 Cal.App.3d 764, 766–767; accord, *J.W. Watchtower v. Bible & Tract Society of New York, Inc.* (2018) 29 Cal.App.5th 1142, 1166, fn. 5.) ""Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.'" [Citations.]" (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249, italics omitted.)

3

Defendants contend the trial court erred in entering a default judgment for the following reasons:

(1) The damages awarded improperly exceeded the amount requested in the complaint (Code Civ. Proc., § 580);

(2) The application for a default judgment was, in fact, an unacceptable "de facto" amendment to the complaint because it (a) requested damages more than the amount alleged in the complaint, and (b) added new facts regarding the dates plaintiff was unable to access the bakery;

(3) The complaint did not state a cause of action and the resulting judgment was not supported by sufficient evidence because the complaint did not allege the specific date plaintiff attempted to access the bakery; and

(4) Plaintiff's failure to serve a statement of damages before seeking a default judgment resulted in a void judgment.

## I. *Excessive Damages*

The issue of excessive damages may be reviewed on appeal from a default judgment "if the damages awarded exceed the sum sought in the complaint.  [Citations.]" (*Steven M. Garber & Associates v. Eskandarian* (2007) 150 Cal.App.4th 813, 824 (*Garber*).)  "[A] default judgment awarding damages in excess of the amount allowed under [Code of Civil Procedure,] section 580[1] is beyond the court's jurisdiction and therefore is void," and "[a] claim that a default judgment awards damages in excess of the amount allowed under section 580 therefore can be raised for the first time on appeal." (*Matera v. McLeod* (2006) 145 Cal.App.4th 44, 59; see also *Stein v. York* (2010) 181 Cal.App.4th

---

1      The relevant part of this provision is, "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint . . . ."  (Code Civ. Proc., § 580, subd. (a).)

320, 326 ["a default judgment in an amount greater than the amount demanded is void and subject to either direct or collateral attack"].)  "[T]he primary purpose of . . . section [580] is to guarantee defaulting parties adequate notice of the maximum judgment that may be assessed against them." (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826.)

Defendants argue the damages reflected in the judgment violated Code of Civil Procedure section 580 because "the [c]omplaint did not set forth a specific amount of damages."  We disagree.

With respect to the first cause of action, the complaint sought "statutory damages" pursuant to Civil Code section 54.3, subdivision (a).  That provision holds a defendant "liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000) . . . ."  (Civ. Code, § 54.3, subd. (a).)[2]

The second cause of action alleged plaintiff was entitled to "statutory damages" pursuant to Civil Code section 52, subdivision (a).  In defining the scope of available damages, this provision employs the same language quoted for Civil Code section 54.3, subdivision (a) except that it raises the statutory minimum to $4,000 for each violation.  (Civ. Code, § 52, subd. (a).)

---

**2**     Plaintiff's prayer erroneously asked for $4,000 in statutory damages for each violation on the first cause of action.  That error is not mentioned by defendant or cited as a basis for reversal of the judgment.

The Legislature has limited the recovery of damages where the same act constitutes a violation of both provisions—"[a] person may not be held liable for damages pursuant to both [Civil Code section 54.3] and Section 52 for the same act or failure to act." (Civ. Code, § 54.3, subd. (c).) Thus, because both causes of action were based on the same facts, defendant was on notice that his damage exposure was limited to the statutory amount sought in the second cause of action. In this respect, the complaint alleged there were "at least" three violations within one year of filing the complaint[3] and plaintiff sought the statutory damage amount of $4,000 for each violation.

Although the trial court did not break down the damages award, the total award of $12,000 points to only one deduction— the calculation was based on three violations at the statutory amount of $4,000 for each violation. The damages reflected in the judgment did not exceed the amount demanded in the complaint.

## II. *De Facto Amendment*

There are two slightly different approaches to evidence of damages mentioned for the first time at a default hearing. (Compare *Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1744 (*Ostling*) with *Jackson v. Bank of America* (1986) 188 Cal.App.3d 375, 387–389 (*Jackson*).) In *Jackson*, the court accepted defendant's theory that new argument or evidence presented at a default proceeding amounts to a de facto amendment to the complaint because otherwise "new evidence, based on *any* theory, could be introduced at a default hearing, as long as no formal

---

[3]     By defaulting, defendants admitted these facts were true. (*Garber*, *supra*, 150 Cal.App.4th at pp. 823–824; see also *Beeman v. Burling* (1990) 216 Cal.App.3d 1586, 1597.)

6

amendment were requested . . . ." (*Jackson, supra*, 188 Cal.App.3d at p. 389.)

*Ostling* disagreed with *Jackson's* use of the language "'de facto amendment of the complaint'" out of concern that it suggested "immaterial evidence and inappropriate argument at a default judgment hearing requires setting aside a properly obtained default." (*Ostling, supra*, at p. 1744.) However, *Ostling* agreed with the result in *Jackson* because "[a]t the default judgment hearing plaintiff's evidence of damages was predicated entirely upon events which occurred after the complaint had been filed. [Citation.]" (*Ibid.*) The common thread between both cases is that material new evidence concerning damages should not be considered at a default judgment hearing.[4]

"A material amendment to the complaint opens a default because it permits the plaintiff to prove matters not in issue when the default was taken, which 'would materially affect the defendant's decision not to contest the action.'" (*Ostling, supra*, 27 Cal.App.4th at p. 1744) "An amendment of the complaint is material if it subjects the defendant to increased damages. Unless the plaintiff properly obtains an amendment of his pleading, the defaulting defendant is not subject to this unfair prospect." (*Ibid.*)

Defendants first argue "the application for a default judgment requesting damages in excess of the amount alleged in the [c]omplaint constitutes a de facto [amendment of the complaint.]" We have already addressed and rejected the

---

4      We acknowledge *Ostling* disagreed with *Jackson* on the appropriate remedy should the trial court err in this respect (*Ostling, supra*, 27 Cal.App.4th at pp. 1745–1747); because we are affirming the judgment, we decline to address the issue.

7

predicate to defendants' contention; the $12,000 figure in the application did not exceed the damages demanded in the complaint. It follows, that the amount of damages sought in the application did not deviate, materially or otherwise, from the complaint.

Defendants next claim plaintiff's application amounted to a de facto amendment of the complaint because it was supported by Perez's declaration clarifying the months that she attempted to patronize the bakery. Although the additional facts added slightly more detail to the timing of the violations, they did not expose defendants to increased damages. By defaulting, defendants admitted all material facts in the complaint including that plaintiff attempted to patronize the bakery on at least three occasions during the year prior to filing the complaint and, when she did so, she encountered impermissible barriers. (See *Garber*, *supra*, 150 Cal.App.4th at pp. 823–824; see also *Beeman v. Burling*, *supra*, 216 Cal.App.3d at p. 1586, 1597.) Perez's declaration added little to these already admitted facts. Defendants maintain the additional information identifying the months in which the barriers were encountered would have "'materially affect[ed] the defendant[s'] decision not to contest the action.'" But defendants do not explain how this is so, and from this record, we do not see it.

## III. *Adequacy of the Complaint and the Evidence Supporting Damages*

### A. *The Complaint*

Defendants maintain the complaint was deficient because it did not "allege when the [plaintiff] attempted to access the subject property"; something they say is a "necessary element" under the Unruh Civil Rights Act (Unruh Act). To the extent

8

defendants argue the underlying factual allegations in the complaint were insufficient to support the judgment, we reject it summarily. (*Corona v. Lundigan*, *supra*, 158 Cal.App.3d at p. 767 ["sufficiency of the evidence is not reviewable" from a default judgment if the defendants did not file a motion to set aside the default in the trial court].) But even if the claim amounts to an appealable challenge to the sufficiency of the complaint, it fails because it is premised on a misunderstanding of the elements of the alleged Unruh Act violation.

Plaintiff's cause of action under the Unruh Act (Civ. Code, § 51, subd. (f)) was based on the bakery's violation of the federal Americans with Disabilities Act (42 U.S.C. § 12182; ADA). "To prevail on a discrimination claim under [the ADA], a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. [Citation.]" (*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.* (9th Cir. 2010) 603 F.3d 666, 670.)

Courts have rejected the argument that a plaintiff must allege the precise date her or she visited a place of public accommodation to sufficiently state an ADA accessibility claim. (*Skaff v. Meridien North America Beverly Hills, LLC* (9th Cir. 2007) 506 F.3d 832, 842 [discovery can serve to explain where the alleged barriers were and when they were encountered]; *O'Campo v. Chico Mall, LP,* (E.D. Cal. 2010) 758 F.Supp.2d 976, 983 [rejecting the defendant's argument that "plaintiff must allege that he visited [the place of public accommodation] within the statute of limitations" because a "plaintiff is not required to

plead facts in anticipation of an affirmative defense" and thus "plaintiff need not plead the date of his visit"].)

The sole authority cited by defendants to support their position is *Donald v. Cafe Royale, Inc.* (1990) 218 Cal.App.3d 168 (*Donald*).  Quoting from page 183 of *Donald*, defendants claim "a plaintiff must establish she was 'denied . . . equal access on a particular occasion.'  [Citation]."  *Donald* did not hold that a plaintiff's complaint must allege a particular date and time of the violation.  Rather, it was comparing a violation of Civil Code section 54 with an assessment of whether the barrier at issue violated the equal access provisions under Health and Safety Code section 19955 and Government Code section 4450.  (*Id.* at pp. 182–183.)  *Donald* pointed out the equal access statutes are designed to "*enforce compliance* with the handicapped access standards" but, on the other hand, an individual who seeks *damages* under the Unruh Act "must take the additional step of establishing that he or she was denied equal access on a particular occasion."  (*Id.* at p. 183.)  In other words, *Donald* simply held an individual looking for damages must prove he or she came face to face with the barrier, whereas a government agency (or even an individual) seeking to achieve compliance by the business establishment need not do so.

*Donald* did not add an element to the action that demands the individual asking for damages to plead a specific date and time that the barrier was encountered; the pleading requirement on this subject need only allege that he or she had "occasion" to encounter the barrier.  In this case, plaintiff satisfied that obligation by alleging she confronted the barrier on at least three separate occasions—facts defendants admitted by defaulting.

B.  *The Evidence of Damages*

10

Defendants make a similar argument with respect to the damages proven at the default hearing. Pointing to Perez's declaration, defendants argue, again citing *Donald*, that there was insufficient evidence to prove damages because her statement that she attempted to patronize the bakery in June, July and August of 2023 did not satisfy the *Donald* "requirement" that she demonstrate she was denied access on a particular occasion.

There are two fatal flaws with this argument. First, we begin with the principle that "'[t]he power of an appellate court to review the trier of fact's determination of damages is severely circumscribed.'" (*Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 361, quoting *Uva v. Evans* (1978) 83 Cal.App.3d 356, 363–364.) After default, an appellate court may interfere with a determination of damages only if the "the award, or lack thereof, is totally unconscionable and without justification . . . ." (*Id*. at p. 361.) Here, the damages award of $12,000 was prescribed by statute; it was not based on evidence correlating the amount of the award to the injury suffered much less an unconscionable consideration of such evidence.

Second, to reiterate, by defaulting, defendants admitted that on at least three occasions, they denied plaintiff access to public accommodations because of her disability. (See *Garber*, *supra*, 150 Cal.App.4th at pp. 823–824; see also *Beeman v. Burling*, *supra*, 216 Cal.App.3d at p. 1586, 1597.) Perez's declaration clarified there were no more than three encounters and specified the months in which they occurred. This was sufficient for the court to do the simple math and assign statutory damages of $4,000 to each occasion. Nothing more particular was required.

11

## IV. *Statement of Damages*

Defendants contend a statement of damages should have been filed under Code of Civil Procedure section 425.11, subdivision (c) before his default was entered.  The contention lacks merit.  Although the failure to serve a statement of damages may render a default judgment void (*Plotitsa v. Superior Court* (1983) 140 Cal.App.3d 755, 760), such a statement "is required only in cases involving personal injuries or wrongful death.  [Citation.]" (*Steven M. Garber & Associates v. Eskandarian*, *supra*, 150 Cal.App.4th at p. 824; see also Code Civ. Proc., §§ 425.10 & 425.11).

For the third time, defendants point principally to *Donald*, but this time cite it to support their claim that "[a] violation of the Unruh Act based on an ADA violation is a form of a personal injury claim because it seeks damages for a legally recognized injury." *Donald* did not address the requirement of a statement of damages nor does it suggest that an action based on the Unruh Act necessarily involves personal injury.  Moreover, plaintiff did not allege damages for any sort of personal injury; as we have observed, plaintiff alleged damages that were limited to the amount set by statute—$4,000 per violation.  Plaintiff's case did not involve personal injury, and no statement of damages was required.[5]

---

[5] In the last sentence of the argument section of his brief, plaintiff asks to be awarded attorney fees incurred on appeal.  Plaintiff cites *Serrano v. Unruh* (1982) 32 Cal.3d 621, 637 as support for the request.  In that case, our Supreme Court noted "it is established that fees, if recoverable at all—pursuant either to statute or the parties' agreement—are available for services at trial and on appeal." (*Ibid.*)  Plaintiff points to no statute or agreement permitting this court to award attorney fees.

**DISPOSITION**

The judgment is affirmed.  Plaintiff is to recover costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


KUMAR, J.[*]

We Concur:


HOFFSTADT, P. J.


KIM (D.), J.

---

Accordingly, we decline to order the recovery of attorney fees but plaintiff is not precluded from seeking them in the trial court under California Rules of Court, rule 3.1702.  (Cal. Rules of Court, rule 8.278(d)(2).)

[*]	Retired Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.